# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

CHARLES J. SAIN,

        Plaintiff,

vs.                                       No. CIV 08-1019 JB/LFG

CAROLYN M. SNYDER, MARY E.
CHAPPELLE, L. HELEN BENNETT,
RICHARD STOOPS, PATRICIA
MADRID, GARY KING, BETSY
SALCEDO, STANLEY WHITAKER,
DEBORAH DAVIS WALKER, WILLIAM
F. LANG, JUANITA DURAN, LYNN
PACKARD, JAMES J. WECHSLER,
MICHAEL VIGIL, MICHAEL D.
BESTOWMENT, A. JOSEPH ALARID,
EDWARD L. CHAVEZ, PETRA JIMENEZ
MAEZ, RICHARD C. BOSSON, BILL
RICHARDSON, BERNALILLO COUNTY
SHERIFF'S DEPARTMENT, ERNESTO J.
ROMERO, RODERICK KENNEDY, CHARLES
W. DANIELS, PATRICIO M. SERNA, ELIZABETH
E. WHITEFIELD, VICKI AIKENHEAD RUIZ and
JO ANNE HERRERA,

        Defendants.

## ORDER DENYING PLAINTIFF'S MOTION FOR DEFAULT, AND GRANTING DEFENDANTS' MOTION TO SET ASIDE DEFAULT

**THIS MATTER** comes before the Court on: (i) the Motion for Entry of Order of Default, filed November 25, 2008 (Doc. 63); and (ii) the Defendants' Motion to Set Aside Clerk's Entry of Default, filed December 2, 2008 (Doc. 66). The Court has carefully reviewed the briefing and does not believe that a hearing is necessary. The primary issue is whether the Court should enter a default judgment because the Defendants allegedly failed to answer within twenty days of service. Because the Court concludes that there was improper service and that the Defendants were not obligated to

answer, the Court will deny Plaintiff Charles J. Sain's motion and grant the Defendants' motion to set aside the default.

## PROCEDURAL BACKGROUND

Sain contends that more than twenty days have elapsed since service of process and that the Defendants failed to respond to the Complaint. Based on Sain's representations, a Clerk's Entry of Default was entered. See Doc. 64. Subsequently, but promptly, the defaulting Defendants moved to set aside the default, contending that Sain failed to properly effect service of process, that the Court consequently lacked *in personam* jurisdiction over the Defendants, and that the Defendants were therefore not obligated to answer. Moreover, the Defendants correctly noted that most of the Defendants are entitled to absolute immunity, qualified immunity, or sovereign immunity, and that they are prepared to assert affirmative defenses or move for dismissal.

## ANALYSIS

Sain sought to effect service of process on New Mexico state executive officials, members of the judiciary, and other public employees. It is undisputed that Sain did not properly effect personal service of process on any of these Defendants. Instead, Sain sought to serve all the Defendants by delivery of the Complaint and process to the Attorney General's office.

Rule 4(e)(1) of the Federal Rules of Civil Procedure provides that service on an individual may be effected by "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made." Fed. R. Civ. P. 4(e)(1). Rule 1-004H of the New Mexico Rules of Civil Procedure establishes the procedure to effect service on the State of New Mexico or a political subdivision. Rule 1-004H provides that service may be made upon the State of New Mexico or on a state political subdivision, "in any action in which an officer, official or employee of the state or one of its branches, agencies,

bureaus, departments, commissions or institutions is named a party defendant, by delivering a copy of the process to the officer, official or employee *and* to the attorney general." Rule 1-004H(1)(c) NMRA (emphasis added).  Sain's attempt to effect service on these Defendants is insufficient, as he failed to provide service of process to the officers, officials, or employees.  Service on the Attorney General is but one requirement of rule 1-004H(1)(c) and serving only the Attorney General is insufficient.  See Ysais v. State of New Mexico, Judicial Standard Commission, No. CIV 08-0449 JB/DJS, Memorandum Opinion and Order at 24-26, entered March 31, 2009 (Doc. 297).  In addition, the state Attorney General is not an "agent authorized by appointment or by law to receive seervice of process" under federal rule 4(e)(2).

Notwithstanding that the Defendants may have been aware of the pendency of a complaint, it is incumbent on Sain to follow the requirements of the Federal Rules of Civil Procedure.  This Court has previously held:

> The district court lacks jurisdiction where the plaintiff has not properly served the defendant with process in accordance with rule 4.  Even service that succeeds in providing a defendant with actual notice of a lawsuit, but fails to satisfy rule 4's technical requirement, will not permit the court to render a personal judgment against the defendant absent a waiver of the defective service.

Williamson v. Sena et al., No. 04-CV-537 JB/LFG, slip op. at 7 (D.N.M. April 14, 2005).  Because Sain failed to comply with rule 4's technical requirements and with rule 1-004H, NMRA, his service of process is improper and is ineffective.

Sain is entitled to re-serve Defendants in accord with the requirements of rule 4 and must do so within 120 days from the date he filed the Complaint.

**IT IS ORDERED** that Plaintiff Charles J. Sain's motion for entry of default (Doc. 63) is denied; and that the Defendants' motion to set aside the entry of default (Doc. 66) is granted.

								_____
								UNITED STATES DISTRICT JUDGE

*Parties and counsel*:

Charles J. Sain
Albuquerque, New Mexico

	*Plaintiff pro se*

Terri S. Beach
Andrea Inez Gunderson
Robles, Rael & Anaya, P.C.
Albuquerque, New Mexico

	*Attorneys for Defendants Patricia Madrid, Bill Richardson, Gary King, Betsy Salcedo,
	Richard C. Bosson, Charles W. Daniels, Petra Jimenez Maez, Edward L. Chavez,
	Patricia M. Serna, Lynn Packard, A. Joseph Alarid, Michael D. Bustamante, Michael
	Vigil, James J. Wechsler, Roderick Kennedy, William Lang, Ernesto Romero, Stanley
	Whitaker, Deborah Davis Walker, Elizabeth Whitefield, Juanita Duran,
	Vickie Aikenhead Ruiz, and Jo Anne De Herrera*

James C. Levy
Kathryn M. Wissel
Geer Wissel & Levy PA
Albuquerque, New Mexico

	*Attorneys for Defendant Carolyn M. Snyder*

John M. Brant
Law Offices of Jack Brant, P.C.
Albuquerque, New Mexico

	*Attorneys for Defendants L. Helen Bennett and Mary E. Chappelle*

Deborah D. Wells
Kennedy, Moulton & Wells PC
Albuquerque, New Mexico

	*Attorneys for Defendant Bernalillo County Sheriff's Department*

Richard D. Stoops
Albuquerque, New Mexico

    *Defendant pro se*