# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEW MEXICO

CHARLES J. SAIN,

                 Plaintiff,

    vs.                                          No. CIV 08-1019 JB/LFG

CAROLYN M. SNYDER, MARY E.
CHAPPELLE, L. HELEN BENNETT,
RICHARD STOOPS, PATRICIA
MADRID, GARY KING, BETSY
SALCEDO, STANLEY WHITAKER,
DEBORAH DAVIS WALKER, WILLIAM
F. LANG, JUANITA DURAN, LYNN
PICKARD, JAMES J. WECHSLER,
MICHAEL VIGIL, MICHAEL D.
BUSTAMANTE, A. JOSEPH ALARID,
EDWARD L. CHAVEZ, PETRA JIMENEZ
MAEZ, RICHARD C. BOSSON, BILL
RICHARDSON, BERNALILLO COUNTY
SHERIFF'S DEPARTMENT, ERNESTO J.
ROMERO, RODERICK KENNEDY, CHARLES
W. DANIELS, PATRICIO M. SERNA, ELIZABETH
E. WHITEFIELD, VICKI AIKENHEAD RUIZ and
JO ANNE DE HERRERA,

                 Defendants.

## MEMORANDUM OPINION AND ORDER
## GRANTING GARY KING'S MOTION TO DISMISS

      **THIS MATTER** comes before the Court on Defendant Gary King's Motion to Dismiss,

filed November 21, 2008 (Doc. 53).  The Court has carefully considered the motion, response, and

reply; the Court does not need or require oral argument.  The primary issue is whether all of Plaintiff

Charles J. Sain's claims against Defendant Gary King, the Attorney General of the State of New

Mexico, are barred because of qualified immunity and because of King's lack of personal

participation.  Because the Court concludes that King did not personally participate in any violation

of Sain's constitutional rights, the Court will grant King's motion.

## PROCEDURAL BACKGROUND

Sain brings an action for damages and injunctive relief as a result of his dissatisfaction with the outcome of a domestic relations case in state court in which he was the respondent.  He contends he was a victim of "one of the most chilling episodes of premeditated judicial and prosecutorial misconduct and corruption in modern American history."  Civil Complaint ¶ 1, at 7, filed October 31, 2008 (Doc. 1)("Complaint").  He asserts that the underlying state court litigation resulted in his being "dragged against his will into the grips of the Organized Criminal Enterprise that runs and controls with absolute corruption, brutality and tyranny the Courts of the State of New Mexico." Id. at 8.

Specifically, his allegations against King revolve around the Attorney General's failure to respond to requests for assistance.  Sain contends: "After . . . finding no relief or redress at any level of Government within the State of New Mexico, Plaintiff . . . applied for Asylum, on March 31, 2008, with the Government of the United States through U.S. congressional representative heather [sic] Wilson's office."  Complaint ¶¶ 517, 518, at 160.  Sain asserts that Wilson responded to his request by referring the matter to King, stating: "I have asked Mr. King to give your situation careful attention and to address your concerns.  I asked Mr. King to review the information you provided and respond to you directly."  Complaint, ¶ 519, at 160.

Sain asserts that, notwithstanding his own earlier inquiry to the office of the Attorney General and Wilson's referral, two months elapsed, and King did not respond.  No other alleged violations of law are noted concerning King.

King seeks dismissal of the claim noting, among other things,  that Sain's Complaint fails to state a cause of action under 42 U.S.C. § 1983.  For reasons hereafter stated, the Court agrees.

-2-

### 42 U.S.C. § 1983

Sain brings his claim against King under 42 U.S.C. § 1983.  To sustain an actionable claim under this statute, a plaintiff must allege and prove that a defendant violated a federally protected right while acting under color of state law.  See Gomez v. Toledo, 446 U.S. 635, 640 (1980).

In this case, King correctly notes that there is no constitutional or statutory right to demand and receive intercession by a state attorney general in a situation such as the one in which Sain apparently found himself.  There is no Supreme Court, Tenth Circuit or other circuit court opinion requiring that an attorney general respond to a citizen's complaint, or, indeed, to an inquiry by a congressperson's constituent-service office.  Thus, the failure to respond, even if true, does not constitute a violation of Sain's federally protected rights.

Sain also alleges that King conspired with several other Defendants in this case to violate Sain's rights.  In support of this contention, however, Sain musters only vague and conclusory allegations about King's involvement in this alleged conspiracy.  Vague and conclusory allegations are insufficient, particularly regarding conspiracy claims against public officials.  Under Bell Atl. Corp. v. Twombly, 127 S. Ct. 1955 (2007), a complaint must contain enough allegations of fact "to raise a right to relief above the speculative level."  Id. at 1965.

> [C]omplaints in § 1983 cases against individual government actors pose a greater likelihood of failures in notice and plausibility because they typically include complex claims against multiple defendants. The *Twombly* standard may have greater bite in such contexts, appropriately reflecting the special interest in resolving the affirmative defense of qualified immunity at the earliest possible stage of a litigation.

Robbins v. Oklahoma, 519 F.3d 1242, 1248 (10th Cir. 2008).  "The *Twombly* Court was particularly critical of complaints that 'mentioned no specific time, place, or person involved in the alleged conspiracies."  Robbins v. Oklahoma, 519 F.3d at 1248 (quoting Bell Atl. Corp. v. Twombly, 127 S. Ct. at 1971 n.10).  Sain's Complaint mentions names, but gives little more than bare allegations

that the named Defendants "did conspire to and did carry out a policy of terrorizing, endangering and humiliating" Sain.  Complaint ¶ 524, at 162.  A complaint containing "nothing more than conclusory allegations that a civil conspiracy exists . . . is not enough to satisfy the requirement of "'concerted action.'"  Native American Distributing v. Seneca-Cayuga Tobacco Co., 546 F.3d 1288, 1298 (10th Cir. 2008)(citing Bell Atl. Corp. v. Twombly, 127 S. Ct. at 1965).  Even before Bell Atl. Corp. v. Twombly, the United States Court of Appeals for the Tenth Circuit explained that "[c]onclusory allegations of conspiracy are insufficient to state a valid § 1983 claim."  Durre v. Dempsey, 869 F.2d 543, 545 (10th Cir. 1989)(defining a "conclusory allegation" of conspiracy as one that fails "to allege specific facts showing agreement and concerted action among defendants").  Sain's allegations about King's being involved a conspiracy against him are deficient under the Twombly standard.  Moreover, Sain has failed to show that King personally participated in any actions against Sain.  Individuals cannot be held liable under § 1983 without a showing of personal involvement.  See Foote v. Spiegel, 118 F.3d 1416, 1423 (10th Cir. 1997).

Having found that Sain failed to establish the first prong requisite to state a 42 U.S.C. § 1983 claim, the Court determines that, even though Sain asserted nearly 600 separate paragraphs or allegations in his Complaint, he fails to demonstrate that the Attorney General violated his federally protected rights.  For this reason, the Court grants Defendant Gary King's Motion to Dismiss.

Dismissals for failure to state a claim under Fed. R. Civ. P. 12(b)(6) are usually without prejudice.  The Court notes, however, that this action is brought against the Attorney General in both an official and personal capacity.  An "official capacity" claim is the equivalent of a claim against the state, and because claims against the state, for monetary damages, may not be brought in a federal forum under a state's Eleventh Amendment immunity, allowing Sain to amend his Complaint to bring monetary claims against King in his official capacity would be futile.  Will v.

<u>Michigan Dep't of State Police</u>, 491 U.S. 58, 63 (1989).

To the extent there are official capacity complaints against Defendant King, they are dismissed with prejudice, and to the extent Sain believes he can plead an actionable cause against the Attorney General in a personal capacity, that complaint is dismissed without prejudice.

By virtue of the Court's dismissal, the Court need not consider the remainder of Attorney General's Motion to Dismiss.

**IT IS ORDERED** Defendant Gary King's Motion to Dismiss is granted for failure to state a claim under Fed. R. Civ. P. 12(b)(6).

_____
UNITED STATES DISTRICT JUDGE

*Parties and counsel*:

Charles J. Sain
Albuquerque, New Mexico

       *Plaintiff pro se*

Terri S. Beach
Andrea Inez Gunderson
Robles, Rael & Anaya, P.C.
Albuquerque, New Mexico

      *Attorneys for Defendants Patricia Madrid, Bill Richardson, Gary King, Betsy Salcedo, Richard C. Bosson, Charles W. Daniels, Petra Jimenez Maez, Edward L. Chavez, Patricia M. Serna, Lynn Packard, A. Joseph Alarid, Michael D. Bustamante, Michael Vigil, James J. Wechsler, Roderick Kennedy, William Lang, Ernesto Romero, Stanley Whitaker, Deborah Davis Walker, Elizabeth Whitefield, Juanita Duran, Vickie Aikenhead Ruiz, and Jo Anne De Herrera*

James C. Levy
Kathryn M. Wissel
Geer Wissel & Levy PA
Albuquerque, New Mexico

    *Attorneys for Defendant Carolyn M. Snyder*

John M. Brant
Law Offices of Jack Brant, P.C.
Albuquerque, New Mexico

    *Attorneys for Defendants L. Helen Bennett and Mary E. Chappelle*

Deborah D. Wells
Kennedy, Moulton & Wells PC
Albuquerque, New Mexico

    *Attorneys for Defendant Bernalillo County Sheriff's Department*


Richard D. Stoops
Albuquerque, New Mexico

    *Defendant pro se*