# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

CHARLES J. SAIN,

        Plaintiff,

vs.                                                               No. CIV 08-1019 JB/LFG

CAROLYN M. SNYDER, MARY E.
CHAPPELLE, L. HELEN BENNETT,
RICHARD STOOPS, PATRICIA
MADRID, GARY KING, BETSY
SALCEDO, STANLEY WHITAKER,
DEBORAH DAVIS WALKER, WILLIAM
F. LANG, JUANITA DURAN, LYNN
PICKARD, JAMES J. WECHSLER,
MICHAEL VIGIL, MICHAEL D.
BUSTAMANTE, A. JOSEPH ALARID,
EDWARD L. CHAVEZ, PETRA JIMENEZ
MAEZ, RICHARD C. BOSSON, BILL
RICHARDSON, BERNALILLO COUNTY
SHERIFF'S DEPARTMENT, ERNESTO J.
ROMERO, RODERICK KENNEDY, CHARLES
W. DANIELS, PATRICIO M. SERNA, ELIZABETH
E. WHITEFIELD, VICKI AIKENHEAD RUIZ and
JO ANNE DE HERRERA,

        Defendants.

## MEMORANDUM OPINION AND NOTICE OF INTENT TO CONTINUE AS JUDGE ON THE CASE

**THIS MATTER** comes before the Court on Plaintiff Charles J. Sain's oral statements to the Clerk's Office for the United States District Court for the District of New Mexico that he intends to sue and bring criminal charges against District Judge James O. Browning. Sain has also filed a "motion for reconsideration" that effectively asks for the Court to recuse itself, see Plaintiff's Motion for Reconsideration, filed April 3, 2009 (Doc. 178)("Plaintiff's Motion"), which the Court will deal with separately. The primary issue here is whether the Court should recuse itself from this case because of Sain's statements that he will pursue litigation against the Court. Because the Court

believes that judicial immunity provides an absolute bar to the potential lawsuit that Sain has indicated he will file, and because Sain cannot himself initiate criminal charges, the Court does not believe that recusal is necessary at this time.

## PROCEDURAL BACKGROUND

Sain has filed a lengthy Complaint against a number of Defendants, alleging various constitutional violations stemming from domestic-relations proceedings in state court. Numerous motions have been filed in this case, many of which are still pending. Recently, the Court entered a pair of orders adverse to Sain. In the first order, the Court declined to enter default judgment against certain Defendants and instead set aside the default judgments against those Defendants, based on Sain's failure to properly serve the Defendants. See Order Denying Plaintiff's Motion for Entry of Default, and Granting Defendants' Motion to Set Aside Default at 3, entered April 2, 2009 (Doc. 175). In the second order, the Court dismissed the claims against Defendant Gary King, the Attorney General of New Mexico, under rule 12(b)(6) of the Federal Rules of Civil Procedure. See Memorandum Opinion and Order Granting Gary King's Motion to Dismiss at 4-5, entered April 2, 2009 (Doc. 176). Both orders were entered April 2, 2009. Later that same day, Sain called the Clerk's Office. He informed the Clerk's Office that he intended to sue Judge Browning and bring criminal charges.

## LAW REGARDING RECUSAL

An important feature of the judicial system is that judges are fair and impartial arbiters of the disputes before them. Under 28 U.S.C. § 455: "Any justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." Id. § 455(a). Certain listed circumstances also require a judge to recuse himself:

(1) Where he has a personal bias or prejudice concerning a party, or personal

>knowledge of disputed evidentiary facts concerning the proceeding;
>
>(2) Where in private practice he served as lawyer in the matter in controversy, or a lawyer with whom he previously practiced law served during such association as a lawyer concerning the matter, or the judge or such lawyer has been a material witness concerning it;
>
>(3) Where he has served in governmental employment and in such capacity participated as counsel, adviser or material witness concerning the proceeding or expressed an opinion concerning the merits of the particular case in controversy;
>
>(4) He knows that he, individually or as a fiduciary, or his spouse or minor child residing in his household, has a financial interest in the subject matter in controversy or in a party to the proceeding, or any other interest that could be substantially affected by the outcome of the proceeding;
>
>(5) He or his spouse, or a person within the third degree of relationship to either of them, or the spouse of such a person:
>
>>(i) Is a party to the proceeding, or an officer, director, or trustee of a party;
>>(ii) Is acting as a lawyer in the proceeding;
>>(iii) Is known by the judge to have an interest that could be substantially affected by the outcome of the proceeding;
>>(iv) Is to the judge's knowledge likely to be a material witness in the proceeding.

Id. § 455(b).

The United States Court of Appeals for the Tenth Circuit has emphasized, however, that a judge has "as strong a duty to sit when there is no legitimate reason to recuse as he does to recuse when the law and facts require." Nichols v. Alley, 71 F.3d 347, 351 (10th Cir. 1995). Thus, the recusal "statute must not be so broadly construed that it becomes . . . presumptive . . ." Id. (internal quotations omitted). Moreover, the recusal statute "is not intended to give litigants a veto power over sitting judges, or a vehicle for obtaining a judge of their choice." United States v. Cooley, 1 F.3d 985, 993 (10th Cir. 1993).

The Compendium of Selected Ethics Opinions states: "Judge need not recuse from a case

involving a party that filed suit against the judge, where judicial immunity will be a complete defense to the action against the judge." Committee on Codes of Conduct, Compendium of Selected Ethics Opinions § 3.6-7 (2007).  The Compendium of Selected Ethics Opinions provides guidance to judges on ethical questions.  The policy that supports this ethics guidance is strong. It prevents a party, who does not like a ruling issued by a judge, from suing the judge and being able to have their case reheard by a different judge.  Permitting such actions does not promote judicial efficiency or fairness to all parties involved in the litigation.

Advisory Opinion Number 103 by the Committee on Codes of Conduct deals with recusal considerations arising from harassing claims against judges.  In its opinion, the Committee refers to Canon 3C(1) of the Code of Conduct for United States Judges, which governs many of the issues related to harassing litigation against judges. Canon 3C(1) tracks much of § 455 and states in relevant part:

> (1) A judge shall disqualify himself or herself in a proceeding in which the judge's impartiality might reasonably be questioned, including but not limited to instances in which:
>
> (a) the judge has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning a proceeding; . . .
>
> (c) the judge knows that [he or she] . . . has a financial interest in the subject matter in controversy . . . or any other interest that could be affected substantially by the outcome of the proceeding;
>
> (d) the judge . . . :
>
> (i) is a party to the proceeding . . .
>
> (iii) is known . . . to have an interest that could be substantially affected by the outcome of the proceeding; or
>
> (iv) is . . . likely to be a material witness in the proceeding

Committee on Codes of Conduct, Advisory Opinion No. 103, (2002) .

"When recusal is not mandated by one of the categories enumerated in Canon 3C(1)," a judge should consider, "the nature of the complaint, the applicable law, the possibility of factual issues involving the credibility of the named judge . . . and any other circumstances that might provide a reasonable ground for questioning the impartiality of the assigned judge." Id. The advisory opinion comments on whether a judge need recuse him or herself from a pending claim when a litigant brings a separate suit against the judge:

> A litigant with a case pending before a judge may respond to an adverse ruling by initiating a complaint against the judge . . . . A judge is not automatically disqualified from participating in other, unrelated cases involving the same litigant, whether they are filed before or after the complaint in which the judge is a defendant. Judicial immunity usually will be a complete defense against a new complaint of this nature, and the court in which the complaint is filed likely will dismiss it as frivolous. In such circumstances, the mere fact that a litigant has filed a new frivolous complaint against a judge based on the judge's official actions will not disqualify the judge from continuing to preside over the earlier unrelated matter, brought by the same litigant.

Id. The advisory opinion goes on to say that "[a] complaint filed against a judge that is subject to prompt dismissal on judicial immunity grounds will not ordinarily give rise to a reasonable basis to question the judge's impartiality in unrelated cases filed against others by the same litigant." Id. The opinion explains that "such a nonmeritorious complaint, standing alone, will not lead reasonable minds to conclude that the judge is biased against the litigant or that the judge's impartiality can reasonably be questioned, and thus will not require the judge to recuse." Id.

### LAW REGARDING JUDICIAL IMMUNITY

"Judges are absolutely immune from civil liability for judicial acts, unless committed in the clear absence of all jurisdiction." Whitesel v. Sengenberger, 222 F.3d 861, 867 (10th Cir. 2000)(citing Henriksen v. Bentley, 644 F.2d 852, 855 (10th Cir. 1981)). Even if a judge acts in error, with malicious intent or in excess of authority, that judge "'does not act in the clear absence

of all jurisdiction.'" Whitesel v. Sengenberger, 222 F.3d at 867 (quoting Stump v. Sparkman, 435 U.S. 349, 356-57 (1978)). "Moreover, a judge is absolutely immune from liability for his judicial acts even if his exercise of authority is flawed by the commission of grave procedural errors." Whitesel v. Sengenberger, 222 F.3d at 867 (internal quotation marks omitted). Absolute judicial immunity is immunity from suit altogether. See Mireles v. Waco, 502 U.S. 9, 11 (1991)(citing Mitchell v. Forsyth, 472 U.S. 511, 526 (1985)).

In deciding whether absolute judicial immunity applies, courts are to look at the "'functions [the immunity] protects and serves, not [at] the person to whom it attaches.'" Forrester v. White, 484 U.S. 219, 227 (1988). Judges are not entitled to absolute judicial immunity for non-judicial acts, i.e., acts taken that are not in the judge's judicial capacity. See Palma v. United States, 2008 WL 4861707 at *4 (D.N.M.)(Browning. J.)(citing Forrester v. White, 484 U.S. at 227-229, and Stump v. Sparkman, 435 U.S. at 360). "[W]hether an act by a judge is a 'judicial' one relates to the nature of the act itself, i.e., whether it is a function normally performed by a judge, and to the expectations of the parties, i.e., whether they dealt with the judge in his judicial capacity." Stump v. Sparkman, 435 U.S. at 362. "The rationale of the doctrine of judicial immunity -- 'the risk that judges will be harassed and their independence compromised by the threat of having to defend themselves against suits by disgruntled litigants' -- also is equally applicable to [a party's] charge that in performing their judicial duties the judges of [a] court were engaging in a conspiracy against [a party]." Green v. Seymour, 59 F.3d 1073, 1078 (10th Cir. 1995)(quoting Pulliam v. Allen, 466 U.S. 522, 537-38 (1984)).

## ANALYSIS

Given Sain's statements to the Clerk's Office, the Court believes it is appropriate to consider whether recusal is required here, even though Sain has not yet filed suit against the Court. The

Court has an independent ethical duty to assure itself whether it should continue hearing this case. At the present time, the Court believes that recusal is not necessary, because judicial immunity would provide an absolute defense to any claim that Sain might bring and because Sain cannot bring criminal charges against the Court.

A judge is not required to automatically recuse himself from a case because a litigant in that case brings an action against the judge. As Advisory Opinion 103 states: "A judge is not automatically disqualified from participating in other, unrelated cases involving the same litigant, whether they are filed before or after the complaint in which the judge is a defendant." Recusal "is not intended to give litigants a veto power over sitting judges, or a vehicle for obtaining a judge of their choice." United States v. Cooley, 1 F.3d at 993. Generally, where judicial immunity would block the prospective lawsuit against the judge, the judge need not recuse. See Compendium of Selected Ethics Opinions § 3.6-7. Here, the Court believes that judicial immunity is an absolute barrier to Sain's contemplated litigation.

"Judges are absolutely immune from civil liability for judicial acts, unless committed in the clear absence of all jurisdiction." Whitesel v. Sengenberger, 222 F.3d at 867. It appears that Sain's desire to initiate a lawsuit against the Court arises out of the Court's adverse rulings against him. His call to the Clerk's Office came quickly on the heels of the Court's first rulings in the case. His recent motion also indicates that he is dissatisfied with the Court's decisions, which he views as being taken in "protection of [the Court's] friends, colleagues and acquaintances (the Defendants)." Plaintiff's Motion ¶ 8, at 3. Rulings are the core of the judicial function. Even if a judge acts in error, with malicious intent or in excess of authority, that judge "'does not act in the clear absence of all jurisdiction.'" Whitesel v. Sengenberger, 222 F.3d at 867 (quoting Stump v. Sparkman, 435 U.S. at 356-57 (1978)). "Moreover, a judge is absolutely immune from liability for his judicial acts

even if his exercise of authority is flawed by the commission of grave procedural errors." Whitesel v. Sengenberger, 222 F.3d at 867 (internal citation and quotations omitted). Given the breadth of judicial immunity, the Court is satisfied that any actions it has taken in connection with this case are covered under judicial immunity.

Because the Court is certain that immunity would bar any lawsuit against it, the Court does not believe that recusal is warranted at this time. Additionally, although Sain also told the Clerk's Office that he will seek criminal charges, Sain, a private citizen, has no authority on his own to initiate any criminal charges and the Court sees no grounds for such charges even if Sain could raise them. Nor is the Court aware of any other basis for the Court to recuse itself at this time. A judge has "as strong a duty to sit when there is no legitimate reason to recuse as he does to recuse when the law and facts require." Nichols v. Alley, 71 F.3d at 351. Accordingly, the Court will not recuse itself at this time.

The Court also notes a couple of issues. Sain has not filed suit against the Court yet, so the Court is not sure how Sain will proceed. Under § 455, recusal is mandatory when a judge is a "party to the proceeding." Id. § 455(b)(5)(i). If Sain sought to add the Court as a Defendant in this case, recusal might be required. Section 455's express language requires recusal when the judge is a party, and judicial immunity might well not change that result. See Young v. United States, 2009 WL 624076 at *7 (10th Cir.)(unpublished opinion)(stating that district judge named as a party should have recused himself, even though the error was harmless, because, among other reasons, a different judge would undoubtedly have dismissed the case). Attempting to add a judge in an ongoing case over which the judge presides might be an attempt to evade the policy that litigants should not be able to wield "veto power" over who hears their cases, United States v. Cooley, 1 F.3d at 993, but given the language of § 455 and the possible appearance of impropriety of a judge ruling

whether he should grant leave to amend to add himself as a Defendant, recusal might be necessary in such situation. At the present time, however, the Court need not decide that issue.[1]

The Court also reminds the parties of its earlier disclosure letters. As the Court stated therein:

> I believe that I can be fair and impartial. If anyone, however, has any questions about the above [ disclosures], please let my Courtroom Deputy Clerk, K'Aun Wild, know, and we can perhaps have a conference call. I have instructed Mrs. Wild not to tell me who may call. On the other hand, if anyone is uncomfortable with my involvement in this case, please call Matthew Dykman, Clerk of Court, and the case will be reassigned. Again, I have instructed Mr. Dykman and his staff not to tell me or my staff who calls.

Letter from the Court to Parties and Counsel of Record at 5, dated & filed January 22, 2009 (Doc. 127); Letter from the Court to Parties and Counsel of Record at 3, dated & filed March 10, 2009 (Doc. 164). While the Court will not recuse itself because Sain is unhappy with the Court's rulings in this case, if Sain does not believe that the Court can be fair and impartial, has a personal bias, or is prejudiced against him, Sain need do no more than call Mr. Dykman and the case will be reassigned. The Court has an obligation to continue to sit on a case, even where its rulings are unpopular with a party. The Court will not, however, continue to preside over this case if Sain or any other party does not think that the Court can be impartial.

In sum, the Court at this time finds no need to recuse itself from this case. Through this memorandum opinion, the Court gives notice to Sain and the other parties that it will continue to hear this case at the present time.

---

[1] The Court also notes that no other district judges have been recused from this case yet. If Sain were to indicate that he would ultimately sue all the judges on the District Court for the District of New Mexico, recusal might be unnecessary despite § 455. Under the rule of necessity, "a judge is qualified to decide a case even if he or she would normally be impeded from doing so, when the case cannot be heard otherwise." Switzer v. Berry, 198 F.3d 1255, 1258 (10th Cir. 2000)(internal quotation marks omitted).

_____
UNITED STATES DISTRICT JUDGE

*Parties and counsel*:

Charles J. Sain
Albuquerque, New Mexico

    *Plaintiff pro se*

Terri S. Beach
Andrea Inez Gunderson
Robles, Rael & Anaya, P.C.
Albuquerque, New Mexico

    *Attorneys for Defendants Patricia Madrid, Bill Richardson, Gary King, Betsy Salcedo, Richard C. Bosson, Charles W. Daniels, Petra Jimenez Maez, Edward L. Chavez, Patricia M. Serna, Lynn Packard, A. Joseph Alarid, Michael D. Bustamante, Michael Vigil, James J. Wechsler, Roderick Kennedy, William Lang, Ernesto Romero, Stanley Whitaker, Deborah Davis Walker, Elizabeth Whitefield, Juanita Duran, Vickie Aikenhead Ruiz, and Jo Anne De Herrera*

James C. Levy
Kathryn M. Wissel
Geer Wissel & Levy PA
Albuquerque, New Mexico

    *Attorneys for Defendant Carolyn M. Snyder*

John M. Brant
Law Offices of Jack Brant, P.C.
Albuquerque, New Mexico

    *Attorneys for Defendants L. Helen Bennett and Mary E. Chappelle*

Deborah D. Wells
Kennedy, Moulton & Wells PC
Albuquerque, New Mexico

    *Attorneys for Defendant Bernalillo County Sheriff's Department*

Richard D. Stoops
Albuquerque, New Mexico

    *Defendant pro se*