IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

**CHARLES J. SAIN**,

      Plaintiff,

vs.                                           No. CIV 08-1019 RB/LFG

**CAROLYN M. SNYDER, MARY E. CHAPPELLE, L. HELEN BENNETT, RICHARD STOOPS, PATRICIA MADRID, GARY KING, BETSY SALCEDO, STANLEY WHITAKER, DEBORAH DAVIS WALKER, WILLIAM F. LANG, JUANITA DURAN, LYNN PICKARD, JAMES J. WECHSLER, MICHAEL VIGIL, MICHAEL D. BUSTAMANTE, A. JOSEPH ALARID, EDWARD L. CHAVEZ, PETRA JIMENEZ MAEZ, RICHARD C. BOSSON, BILL RICHARDSON, BERNALILLO COUNTY SHERIFF'S DEPARTMENT, ERNESTO J. ROMERO, RODERICK KENNEDY, CHARLES W. DANIELS, PATRICIO M. SERNA, ELIZABETH E. WHITEFIELD, VICKI AIKENHEAD RUIZ and JO ANNE DE HERRERA**,

      Defendants.

### ORDER DENYING MOTION FOR RECONSIDERATION

**THIS MATTER** comes before the Court on pro se Plaintiff Charles J. Sain's Motion for Relief From Judgement [sic], filed June 3, 2009 (Doc. 214). Sain requests that the Court reconsider and reverse the rulings made in its Memorandum Opinion and Order dated May 13, 2009 (Doc. 212) and in other Orders.

The Court filed a separate Rule 58 final judgment on May 13, 2009, starting the thirty-day time period in which Sain could file a notice of appeal. *See* Doc. 213; FED. R. CIV. P. 58(c)(2)(A); FED. R. APP. P. 4(a)(1). Sain filed his Rule 60 motion on June 3, 2009, twenty-one days after entry

of the final judgment.

Before the Defendants filed a response, on June 9, 2009, Sain filed a timely notice of appeal. *See* Doc. 217.

> [A] federal district court and a federal court of appeals should not attempt to assert jurisdiction over a case simultaneously. The filing of a notice of appeal is an event of jurisdictional significance – it confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal.

*Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56, 58 (1982). The only exceptions to this rule are that, after a notice of appeal has been filed, a district court may still make collateral rulings, *see City of Chanute v. Williams Natural Gas Co.*, 955 F.2d 641, 658 (10th Cir. 1992) ("The law is well settled the district judge retains jurisdiction over the issue of attorneys' fees even though an appeal on the merits of the case is pending."), *overruled on other grounds*, *Systemcare Inc. v. Wang Lab. Corp.*, 117 F.3d 1137 (10th Cir.1997)), or rulings that will aid the appellate jurisdiction, *see Aune v. Reynders,* 344 F.2d 835, 841 (10th Cir. 1965) ("In ordinary civil cases the rule is that after an appeal has been taken the district court retains jurisdiction to consider and deny a Rule 60(b) motion and, if it indicates that it will grant the motion, the movant may then ask the Court of Appeals to remand the case so that the district court may act. If the motion is denied, the movant may appeal from the order of denial.") (footnote omitted).

In addition, a Rule 59 motion to alter or amend the judgment or a Rule 60 motion for relief from judgment made within ten days of the final order will toll the vesting of jurisdiction in the appellate court until the district court has ruled on the motion. *See* FED. R. APP. P. 4(a)(4); *Griggs*, 459 U.S. at 58-9; *cf. Society of Lloyd's v. Bennett*, No. 05-4069, 182 Fed. Appx. 840, 844 (10th Cir. 2006) ("The district court correctly held that it lacked jurisdiction to grant relief under Rule 60(b) due to the pending appeal"); *Jordan v. Bowen*, 808 F.2d 733, 736 (10th Cir. 1987) (noting that the

district court had properly "recognized that it had no jurisdiction to *grant* relief from judgment under Fed.R.Civ.P. 60(b) since an appeal was then pending in this Court") (italics in original).

Because Sain's motion was not filed within ten days of the filing of the final judgment, "the fact the motion is still pending in the district court does not foreclose the present appeal" and the Tenth Circuit has jurisdiction over this case and all of the issues raised in the motion to reconsider. *Ortiz v. Nance*, No. 97-2187, 161 F.3d 18, 1998 WL 614437, *2 (10th Cir. Sept. 4, 1998); *Hatfield v. Bd. of County Comm'rs*, 52 F.3d 858, 861 (10th Cir. 1995) (holding that "a pending Rule 60(b) motion does not prevent an otherwise valid notice of appeal from conferring jurisdiction on the court of appeals"). The Court will, therefore, deny the motion in aid of appellate jurisdiction. *See Aune,* 344 F.2d at 841.

**WHEREFORE,**

**IT IS ORDERED** that Sain's Motion for Relief from Judgement [sic] (Doc. 214) is DENIED.

_____
**ROBERT C. BRACK**
**UNITED STATES DISTRICT JUDGE**